# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 15, 2010 Session

## PAULA KAY FRANCO v. ARMANDO OSCAR FRANCO

**Appeal from the Chancery Court for Montgomery County**
**No. MC CH CV D1 94 7736      Laurence M. McMillan, Chancellor**

_____

**No. M2009-01562-COA-R3-CV - Filed February 28, 2011**

_____

The trial court affirmed the Report of a special master interpreting the parties' Marital Dissolution Agreement as granting Wife a proportionate share of Husband's retirement based on the duration of the marriage and not based upon the thirty years he was in the military. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Carrie W. Gasaway, Clarksville, Tennessee, for the appellant, Paula Kay Franco.

H. Reid Poland, III, Clarksville, Tennessee, for the appellee, Armando Oscar Franco.

## MEMORANDUM OPINION[1]

The issue on appeal concerns interpretation of a single provision in the parties' marital dissolution agreement.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Paula Kay Franco and Armando Oscar Franco were divorced in July of 1995 after 13 years of marriage. The parties had married in 1981. Incorporated into the divorce decree was the parties' agreed upon Amended Marital Dissolution Agreement ("Agreement"). The provision at issue concerns distribution of Husband's military retirement. Husband served in the military from August of 1976 until his retirement in August of 2006, a period of 30 years.

When Mr. Franco retired from the military in August of 2006, the Defense Finance and Accounting Office interpreted the parties' Agreement to require that 50% of Mr. Franco's retirement pay go to Ms. Franco. Thereafter, in November of 2007, Mr. Franco filed a Petition to Modify the Decree arguing that Ms. Franco was not entitled to a full 50% of his retirement benefits. Mr. Franco argued in his petition that the parties' Agreement entitled Ms. Franco to 50% of the retirement attributable to the thirteen years they were married but not the thirty years he served.

The trial court referred the matter to a special master. The special master's Report dated January 15, 2009 found that under the terms of the Agreement Ms. Franco was not entitled to 50% of Mr. Franco's full retirement benefits, but rather 50% of the retirement benefits that accrued during the marriage. Based on that finding, the special master found Ms. Franco was entitled to 23% of Mr. Franco's gross retirement pay. Since Mr. Franco had overpaid Ms. Franco, the special master found Ms. Franco owed him $31,844, to be repaid $100 monthly.

The trial court entered an order confirming the report on February 27, 2009. The trial court found that both parties had received the Report and no objection had been filed under Tenn. R. Civ. P. 53.04(2). Consequently, the trial court confirmed the special master's Report and made it an order of the court. The court order noted the date when counsel for the parties received the Report and that ten days had expired since receipt with no objection having been filed. No one challenges receipt of the February order. Later, on March 6, 2009, Ms. Franco filed a motion for a hearing on the special master's Report. In her motion for a hearing, Ms. Franco argued that the special master erred since *res judicata* barred modification of the divorce decree and, alternatively, asked for an evidentiary hearing to determine the parties' intent. The trial court denied the motion for a hearing as untimely on July 10, 2009.

In this appeal, Ms. Franco asserts that the trial court erred by adopting the special master's Report because the Report violated the principles of *res judicata*.[2]

**ANALYSIS**

The provision at issue is found in Section 8 of the parties' Agreement:

Wife shall receive fifty percent (50%) of the Husband's military retirement, upon his retirement, based upon a marriage that lasted more than thirteen (13) years.

The findings of the special master did not purport to modify or revise Section 8 of the Agreement, only to determine the parties' meaning or intent. The special master found that the language in Section 8 did not give Ms. Franco 50% of Mr. Franco's full retirement benefits, but that it did provide that she was entitled to 50% of his retirement benefits that accrued during the 13 years they were married. The special master found that Section 8 "states a formula, although, not as clear as what should have been stated."

While Mr. Franco's petition was styled a petition to modify the parties' Agreement, the court's order simply settled a dispute between the parties as to how the provision should be interpreted.

As a general rule, marital dissolution agreements are enforceable contractual agreements.[3] *Long v. McAllister-Long*, 221 S.W.3d 1, 9 (Tenn. Ct. App. 2006). As such, they should be construed as contracts. *Id*. The primary goal is to determine the parties' intent, which begins with an examination of the contractual language. *Id*.

We find the trial court did not offend *res judicata* by adopting the special master's Report. The Report adopted by the trial court contains the correct interpretation of the marital dissolution agreement. First, the language of the Agreement provides Ms. Franco is to receive 50% of the retirement based on the thirteen year marriage. That language leads to the conclusion that the thirteen year marriage factors into the amount of retirement benefits she is to receive. Second, if the parties had intended Ms. Franco to receive 50% of Mr. Franco's entire retirement benefits, then the phrase "based upon a marriage that lasted more

_____

[2]Ms. Franco does not raise failure by the trial court to grant a hearing as error on appeal. Consequently, we will address only the issue raised by Ms. Franco on appeal.

[3]Child support and alimony, on the other hand, merge into the divorce decree and are modifiable by the courts. *Long*, 221 S.W.3d at 9, n.7.

than thirteen (13) years" is unnecessary. Also, given that Mr. Franco was in the service five years before the marriage and twelve years thereafter, it is difficult to understand why he would agree to give Ms. Franco 50% of a 30 year retirement based on a 13 year marriage.

Ms. Franco argues that the trial court is barred by *res judicata* from revising the prior order incorporating the parties' Agreement. The trial court, by adopting the Report, however, settled a dispute between the parties as to its interpretation and did not modify or revise the order.

Ms. Franco does not object to the specific calculation of retirement benefits due her or to the overpayment award assuming the premise of the trial court's decision is upheld.

The trial court's order adopting the special master's Report and refusing to set it aside is affirmed. Costs of appeal are assessed against Paula Kay Franco, for which execution may issue if necessary.[4]

_____
PATRICIA J. COTTRELL, JUDGE

_____

[4]An alternate ground to affirm the trial court offered by Mr. Franco is the failure by Ms. Franco to serve objections to the report of the special master within 10 days as required by Rule 53.04(2) of the Tenn. Rules of Civil Procedure. We decline to rely on this ground.